**REQUA v. JOSEPH. (No. 6459.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1920. Rehearing Denied Dec. 11, 1920.)

**1. Landlord and tenant ⬉50—Lease made after conveying property void.**

A lease made by parties who had previously conveyed their interest in the property is void.

**2. Vendor and purchaser ⬉233—Unrecorded lease void as to innocent purchaser.**

Under Rev. St. 1911, art. 6824, relating to recording instruments, a lease not recorded until after innocent parties had purchased property is void as to such bona fide purchasers.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by E. N. Requa against Lee Joseph, with cross-action by defendant against George Weston. Judgment for defendant as against plaintiff and in favor of Weston as against defendant, and plaintiff appeals. Affirmed.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellee.

FLY, C. J. Appellant sought to recover of appellee the sum of $482.52, alleged to be due as damages arising from the failure of title of an oil and gas lease made by appellee to appellant on 1,711 acres of land in Kerr county. Appellee filed a cross-action against George Weston, his vendor, for any sum recovered by appellant. On a hearing by the county judge, without a jury, judgment was rendered in favor of appellee as against appellant, and in favor of Weston as against appellee. Appellant perfected this appeal.

Appellee obtained a warranty deed to the land, for a valuable consideration, without notice, actual or constructive, of any oil and gas lease having been given before his purchase to any one. His deed was dated May 22, 1919, and was filed for record on May 29, 1919, in Kerr county. On May 27, 1919, appellee and his wife leased his 1,711 acres of land to appellant, for the "purpose of mining and operating for oil and gas." On June 2, 1919, after appellee had bought the land and had leased it to appellant, a lease on the land to blank, of date March 25, 1919, signed by H. W. Eubanks and J. H. Stephens, was placed on record in Kerr county. That lease was filed for record June 2, 1919. On March 26, 1919, H. Groom, claiming to be the lessee in the lease of Eubanks and Stephens, transferred it to C. N. Van Pelt, L. O. Gleason, H. M. Payne, and R. W. Gibson. Eubanks and Stephens conveyed the land to Weston on March 1, 1919, before they attempted to lease the land to any one, and that deed was filed for record on March 28, 1919. The record title to the land was without defect or incumbrance when Weston bought and when appellee bought and when appellant obtained the lease on the land.

[1, 2] The lease given by Eubanks and Stephens after they sold the land was void, and, even if it had been valid, a failure to file the lease until after the purchase of the land by appellee rendered it void. Rev. Stats. art. 6824. It is not denied that appellee was, under the terms of the statute, a subsequent purchaser for a valuable consideration without notice of any lease or other incumbrance resting on the land. Appellant failed, therefore, to show that there was any incumbrance on the land or any one to hinder him from entering into possession of the land and operating for oil and gas. The lease had not failed and appellee could not be liable for damages. Appellant did not allege or prove that any one prevented him from beginning mining for oil and gas, but he seems to have become alarmed because a void lease was placed on record on appellee's land executed by men who did not own the land when they made a lease, not to Groom, but in blank. The statute says that the lease of the former owners to blank, claimed to be Groom, was void as to appellee and appellant and not merely voidable as claimed by appellant.

The letter written by appellee to appellant added nothing in vigor and vitality to the lease, and under that lease appellant had

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a perfect title and there was nothing to prevent his entry upon the land. Appellee was in undisturbed possession of the land and was perfectly willing for appellant to go upon it. There were no legal outstanding claims against the land, and appellee was perfectly correct in so stating. There has been no breach of appellee's warranty, and the action brought by appellant is totally without merit.

The judgment is affirmed.